IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO: 5:12-CV-701-H

| | |
|---|---|
| RAINA CONNOR, Administratrix of the Estate of Adam Wade Carter,<br><br>Plaintiff,<br><br>vs.<br><br>WAKE COUNTY, SHERIFF DONNIE HARRISON, in his official and individual capacities, and TAVARES THOMPSON, in his official and individual capacities, JOHN AND JANE DOES 1-10, individually and in their official capacities as Deputy Sheriffs of Wake County, and THE OHIO CASUALTY INSURANCE COMPANY, in its capacity as Surety on the Official Bond of the Sheriff of Wake County,<br><br>Defendants. | **PROTECTIVE ORDER FOR STATE BUREAU OF INVESTIGATION REPORT** |

The parties herein, and the North Carolina State Bureau of Investigation (hereinafter "SBI") stipulate to the entry of this Protective Order allowing release of SBI Report, File No. 2012-00319, regarding the investigation of the shooting of Adam Wade Carter on February 11, 2012.

Counsel for the parties and counsel for the SBI stipulate and agree to the following statements of facts which authorize the Court's entry of the Protective Order.

1. Plaintiff, through counsel, has requested through discovery the release of the SBI investigation report in this matter.

2. The SBI report may be material and relevant to the subject matter involved in this matter.

3. In addition, this Order governs the handling and disclosure of all materials produced, given, or filed herein by the parties and designated as CONFIDENTIAL.

4. Definitions.

   a. "SBI Report" refers to the materials contained in SBI File No. 2012-00319, the related laboratory reports and findings, and any photographs taken in conjunction with the investigation of the shooting of Adam Wade Carter on February 11, 2012.

   b. "Document" means all writings, drawings, graphs, charts, recordings, and any other documents as defined in Rule 34 of the Federal Rules of Civil Procedure.

   c. "Material" means any document, any answer to any interrogatory or other discovery request in this action, any portion of any deposition (including deposition exhibits) in this action, and any other information produced, given, or filed in this action.

   d. "Parties" mean any Plaintiff or Defendants.

5. Counsel for the SBI, after reviewing this file and related documents, has determined that the SBI has no objection to producing the SBI Report to the parties in response to Plaintiff's request for the following reasons:

   a. No policy reason exists for denial of the request of Plaintiff for production of these materials.

   b. There is no prejudice to the SBI by releasing this material.

   c. There are no identities of persons contained in the materials which need to be protected; and

   d. Any criminal investigations which might have been the subject of this file have been concluded.

2

6. Except as may be otherwise provided by further order of this Court, documents contained within the SBI Report shall be used *for no purpose other than prosecuting or defending this action and shall be disclosed only to the persons identified below.*

7. Access to and the use of any documents, or any part thereof, of the SBI Report shall be limited to the following qualified persons/entities:

    a. The parties and attorneys of record for the parties, and their legal assistants, other staff members, and law student clerks; insurers, their agents and employees; outside companies engaged by attorneys for the parties to photocopy such documents; officers, managers, owners or employees of the parties who provide material assistance in the legal representation of the parties;

    b. A deponent in the action (during a deposition or in preparation therefore) when the confidential matters are materially related to the questions asked to or testimony of such deponent;

    c. Mediators;

    d. Consultants and technical experts involved in the preparation of this action;

    e. Court reporters, their transcribers, assistants and employees;

    f. Any potential or actual deposition or trial witness to the extent that it is necessary to tender such witness as an exhibit a confidential document in order to elicit testimony relevant to the matters at issue in this case; and

    g. The jury and trier of fact.

8. In addition, the above individuals and entities that are permitted access to the SBI Report materials and information are hereby ordered not to show, convey or reproduce any

3

Case 5:12-cv-00701-H   Document 33   Filed 04/17/13   Page 3 of 7

documents to designated or parts thereof, or copies thereof, or any matter contained therein, or any extracts or summaries thereof, to any individual, or to any entity that would not otherwise have access to said documents under the provisions of this Protective Order, except the qualified persons listed above.

9. Counsel may make copies of material contained within the SBI Report for Plaintiff's or Defendants' experts upon receiving from said a expert a *written agreement* that they will be bound by the terms of this Protective Order. The requirement of obtaining such an agreement shall be satisfied by having each of Plaintiff's or Defendants' experts read, acknowledge, and agree in writing to be bound by this Protective Order. A file of all such written acknowledgements shall be maintained by Plaintiff's and/or Defendants' counsel. By signing the declaration agreeing to be bound by this Protective Order, each of Plaintiff's or Defendants' experts submits himself or herself to the jurisdiction of the Court for purposes of enforcement of this Protective Order.

10. The production or disclosure or documents and materials in the SBI Report, pursuant to the terms of this Order, shall not waive or prejudice the right of any party to object to the production or admissibility of documents or information on grounds other than confidentiality in this action or on grounds in any other action.

11. All information and materials derived from the SBI Report shall be used solely in the prosecution or defense of this action and shall not be used or disclosed by any person for any other purpose, except as provided herein.

12. Counsel for the parties are responsible for notifying any person who is provided information or material from the SBI Report of the terms of this Protective Order. Counsel shall keep a record of all persons to whom disclosures are made.

4

13. Any material and documents contained within the SBI Report that are deemed to be confidential, pursuant to North Carolina General Statute or case law, may be released to the persons and Court as listed herein, only if the material and information is filed in sealed containers, containing a general description of the contents, and a statement that states the contents hereof are confidential and may be revealed only by the Court or upon prior written consent of counsel for the party or witness designating the material CONFIDENTIAL INFORMATION.

14. The administrative staff of the Court shall maintain such sealed containers intact and unopened except as otherwise directed by the Court. However, such information shall continue to be available to the Court and to those persons listed in this Protective Order.

15. After the final disposition of this action, including the conclusion of any and all appeals, all SBI Report materials and information that were maintained in sealed files of the Court, shall be returned to the counsel who filed such information with the Court, or returned to counsel for the SBI.

16. Each person who receives material and information described herein submits himself or herself to the personal jurisdiction of the Court, wherever he or she shall be, for the enforcement of this Order.

17. It is specifically agreed that making the materials or documents available for inspection and the production of the materials or documents shall not constitute a waiver by the parties or SBI or any claim or confidentiality, and the production of such materials or documents may be admissible into evidence at the trial of this action. The parties reserve all rights to objects to the admissibility of such materials and information as provided by the Federal Rules of Evidence and Federal Rules of Civil Procedure.

18. Nothing in this Protective Order shall require disclosure of material or information which the conveying party contends is protected from disclosure by the attorney-client privilege, materials produced in anticipation of litigation, or as constituting attorney work product materials.

19. If some of the information released pursuant to this Protective Order contains confidential insurance company employee or information, such information shall be treated as confidential by the receiving party and be subject to the terms of this Order.

20. All original and copies of the SBI Report shall be returned to the SBI at the conclusion of this action, with a certification that no other copies exist, and that all copies have been duly returned in compliance with this Order.

21. This Protective Order shall not prevent any party, or the SBI, from applying to the Court for relief from this Protective Order or from applying to the Court for further or additional Protective Orders, or from agreeing between themselves to modification of this Protective Order, with the concurrence of the SBI and subject to the approval of the Court.

**Approved by:**

_____  4/17/2013
UNITED STATES DISTRICT JUDGE     Date

**AGREED TO BY:**

_____  4/11/13
**John H. Watters**                Date
Legal Counsel for the North Carolina
State Bureau of Investigation
P.O. Box 2950
Raleigh, NC 27626
**North Carolina State Bureau of Investigation**

_____      3/5/13
Hoyt G. Tessener                Date
hgt@m-j.com
G. Christopher Olson
gco@m-j.com
Martin & Jones, PLLC
410 Glenwood Ave., Ste. 200
Raleigh, NC 27603
**Attorneys for Plaintiff**

_____      Feb. 27, 2013
Roger A. Askew              Date
roger.askew@wakegov.com
Deputy Wake County Attorney
P.O. Box 550
Raleigh, NC 27602
**Attorney for Defendants**